UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY MANZELLA,

       Petitioner,

-against-

UNITED STATES OF AMERICA,

       Respondent.
------------------------------------------------------------x

MEMORANDUM & ORDER

13-CV-2953 (ENV)

VITALIANO, D.J.,

  Petitioner Anthony Manzella is before the Court pro se on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the writ is denied and Manzella's petition is dismissed.

## Background

  On December 8, 2010, Manzella pled guilty, pursuant to a written plea agreement, to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). The guilty plea related to the May 13, 2008 robbery of a pharmacy located on Staten Island. In the plea agreement, petitioner waived his right to appeal or otherwise challenge any sentence of imprisonment that was for a term of 108 months or less. On July 22, 2011, Manzella was sentenced by this Court to a prison term of 108 months, to be followed by three years of supervised release. After entry of judgment, on November 1, 2011, petitioner filed a notice of appeal, and the government moved to dismiss. Manzella's appellate counsel subsequently filed a motion to withdraw as counsel in accordance with Anders v. California, 386

1

U.S. 738 (1967). On May 11, 2012, the Second Circuit granted counsel's application to withdraw and dismissed Manzella's appeal.[1]

Petitioner filed the instant motion on or about May 15, 2013. Read liberally, Manzella's petition raises claims for ineffective assistance of trial and appellate counsel. He also requests a full evidentiary hearing. The government moves to dismiss the petition on the ground that Manzella waived his right to collaterally attack his sentence. Alternatively, the government argues that Manzella's claims are without merit and should be dismissed.

## Standard of Review

A person who has been convicted and is currently a federal prisoner may petition the sentencing court to correct, vacate, or set aside the sentence under 28 U.S.C. § 2255. The grounds for relief are very limited. The § 2255 court may only grant relief if it concludes: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack." Hill v. United States, 368 U.S. 424, 426–27 (1962) (internal quotation marks omitted). Within these confines, collateral relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir.

---

[1] It appears that petitioner did not file a petition for a writ of certiorari. (See Pet. 2–3; Resp. Mem. 14.)

1995) (quoting Hill, 368 U.S. at 428). Because Manzella is proceeding pro se, of course, "his petition will be construed liberally and interpreted to raise the strongest arguments it suggests." Paez v. United States, Nos. 11-CV-2688, 08-CR-0823–03, 2012 WL 1574826, at *1 (S.D.N.Y. May 3, 2012) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

Discussion

It is beyond dispute that in his plea agreement, Manzella contracted not to file a § 2255 petition if the Court imposed "a term of imprisonment of 108 months or below." (Plea Agreement 4.) Such agreements are generally enforceable so long as the defendant's assent is knowing and voluntary. United States v. Coston, 737 F.3d 235, 237 (2d Cir. 2013) (citing United States v. Riggi, 649 F.3d 143, 147 (2d. Cir. 2011)); see also Garcia-Santos v. United States, 273 F.3d 506 (2d Cir. 2001). Petitioner acknowledges the existence of the binding waiver, and does not claim that he misunderstood it. However, he seeks to circumvent the waiver by raising now an ineffective assistance of counsel claim. (Pet. Mem. 6–17.)

To defeat an appellate waiver on the ground of trial counsel's ineffectiveness, a petitioner must "demonstrate that he unknowingly or involuntarily agreed to the plea directly owing to the ineffective assistance of his counsel." Ramirez-Hernandez v. United States, No. 09-CV-4107, 2012 WL 1838286, at *4 (E.D.N.Y. May 21, 2012). Manzella makes no such showing here.

First, the record clearly demonstrates that petitioner did, in fact, understand the agreement, including the terms of the appellate waiver. (See Plea Tr. 11–12, 15–

3

16.) Indeed, in dismissing his appeal, the Second Circuit found that Manzella failed to demonstrate that the waiver was unenforceable. United States v. Manzella, et al., No. 11-CR-4602 (2d Cir. May 11, 2012). Second, petitioner fails to allege any facts demonstrating any deficiency in the assistance he received from counsel that would render the waiver provision unenforceable. See Ramirez-Hernandez, No. 09-CV-4107, 2012 WL 1838286, at *4. Manzella alleges only that his trial attorney was ineffective because he failed to advocate for a lower criminal history category and failed to adequately investigate the value of the narcotics stolen from the pharmacy. Petitioner does not allege, even assuming, arguendo, the deficiencies he claims, that his counsel's ineffectiveness rendered his consent to the waiver provision involuntary or unknowing. For example, he does not contend that counsel misled him about the provision's meaning, or told him that he was required to sign the agreement. Rather, as the government suggests, petitioner's true complaint is one that appears to be prompted by his sentence being "higher than expected." (Pet. Mem. 10.) Discontent yields no grounds for habeas relief. Bluntly, "the disappointment sometimes borne by wishful thinking," does not render Manzella's waiver unknowing or involuntary. Torres-Cuesta v. United States, No. 09-CV-91, 2010 WL 3928588, at *4 (E.D.N.Y. Sept. 30, 2010).

Accordingly, since the Court sentenced Manzella to 108 months in prison, within the waiver provision's terms, the Court finds that Manzella has validly waived his right to challenge his sentence and his petition must be dismissed. See

United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004).[2]

## Conclusion

For the foregoing reasons, the petition for habeas corpus filed by Anthony Manzella is dismissed and the writ is denied. Additionally, as Manzella makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
February 14, 2014

/S/ Judge Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

---

[2] In light of Manzella's pro se status, the Court has reviewed his claims on the merits, despite its finding that his petition is barred by a valid appellate waiver. The Court concludes that petitioner's ineffective assistance of counsel claims are without merit. To the extent Manzella attempts to raise claims alleging that the Court erred in calculating his guidelines range prior to sentencing, those claims are procedurally defaulted because they were not raised on direct appeal, and he has failed to demonstrate either cause and prejudice, or actual innocence. See Pantoja v. United States, No. 13-CV-2781, 2013 WL 3990912, at *3 (E.D.N.Y. Aug. 2, 2013) (citing DeJesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998)). Indeed, claims relating to any error in the calculation of his advisory guidelines range were specifically waived by Manzella as part of his overall appellate waiver. Such errors, even if they had occurred, could not, in light of Manzella's valid waiver, be the basis for a successful § 2255 challenge.